UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR J. ROUSE, JOHN MOORE,
JASON A. SZYMANSKI, BRADLEY S. HUNT,
DANE ISCARO, KAHLIL MARKELL,
MILKO SARAN, JASON KEHOE,
ANDASHAWN WILLIAMS, RONALD HOWARD,
PRESTON WEAVER, MICHAEL LAVONWAY,
CHRISTIAN TOVAR, KEVIN CHUNKO,
BRIAN A. CHURNESKY, KEVIN J. SMITH,           Civil Action No. 20-CV-12308
ALLEN CURETON, NICHOLAS TRACEY,
ANTHONY R. BROWNING, GEORGE M. MAIN,          HON. BERNARD A. FRIEDMAN
WILLIAM GUNN, DONALD D. HELTON, JR.,
ROHIT DESHPANDE, BRANDON RUHL,
ANTONIO HALL, PAUL J. VIZZACERRO, II,
ANTHONY NORQUIST, TEN JOHN DOES,
TEN JANE DOES, and DEMARKO PLAIN,

      Plaintiffs,
vs.

DONALD J. TRUMP, GRETCHEN WHITMER,
HEIDI WASHINGTON, DAVID LEACH,
A. SHAVER, MS. STONE, LEE McROBERTS,
J. LAFAVE, J. MORRELL, and KATHLEEN MEYERS,

      Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
APPOINTMENT OF COUNSEL, DENYING PLAINTIFFS' MOTION FOR A
TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION,
DENYING PLAINTIFFS' MOTION FOR A WRIT OF MANDAMUS, DENYING
PLAINTIFFS' MOTION FOR A "POLICOM" HEARING, DISMISSING THE
COMPLAINT AS TO PRESIDENT TRUMP, AND DISMISSING THE CLAIM
TO THE EXTENT IT SEEKS MONEY DAMAGES UNDER RLUIPA**

      This matter is presently before the Court on four motions filed by plaintiffs and on the Court's own review of the complaint. Plaintiffs are twenty-eight named individuals who are incarcerated at the Parnall Correctional Facility ("Parnall") in Jackson, Michigan, and twenty additional individuals who are identified only as John Doe(s) and Jane Doe(s). The

defendants are President Donald J. Trump, Governor Gretchen Whitmer, and eight individuals employed by the Michigan Department of Corrections.

Plaintiffs allege that, since mid-March 2020, they have been denied their state and federal rights to hold religious services at Parnall due to restrictions imposed in response to the coronavirus (COVID-19) pandemic. Plaintiffs claim that there is no legitimate penological interest in preventing them from exercising their sincerely held religious beliefs. To support this claim, plaintiffs assert that there are fewer than ten prisoners in most religious groups, there have been no outbreaks of COVID-19 at Parnall for months, other programs at Parnall have resumed, and all but a few prisoners at Parnall carry COVID-19 antibodies. Plaintiffs also claim that the restrictions on religious meetings cause them irreparable harm. They are suing the defendants in their official and individual capacities for money damages and injunctive relief (i.e., an injunction requiring defendants to permit the resumption of religious services with COVID-19 safeguards).

Plaintiffs have filed motions for appointment of counsel, a temporary restraining order ("TRO") and preliminary injunction, a writ of mandamus, and a "Policom" hearing. For the reasons stated below, the Court shall deny these motions, dismiss the complaint as to President Trump, and dismiss plaintiffs' claim for money damages under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

**I.** *Plaintiff's Motions*

    **A.** *Motion for Appointment of Counsel*

Plaintiffs indicate that they seek the appointment of counsel due to their inability to retain counsel, the complexity of the issues, their limited access to a law library, and their

limited knowledge of the law. They also indicate that they seek class certification and that they have alleged a First Amendment violation.

Although the Court may appoint counsel for indigent civil litigants, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), there is no constitutional right to appointment of counsel in a civil case. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). "The appointment of counsel in a civil proceeding . . . is justified only in exceptional circumstances," and when determining whether exceptional circumstances exist, "courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Lanier*, 332 F.3d at 1006 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).

The issues in this case are not particularly complex, and plaintiffs have demonstrated an ability to represent themselves thus far. Further, appointment of counsel at this stage of the case would deprive the plaintiffs of an opportunity to participate in the Court's Pro Se Prisoner Early Mediation Program. The three lead plaintiffs (Rouse, Moore, and Syzmanski) have expressed a willingness to participate in this program. Accordingly, the Court shall deny plaintiffs' motion for appointment of counsel at this time.

### B. Motion for a TRO and Preliminary Injunction

In their motion for injunctive relief, plaintiffs allege that religious services at Parnall have been suspended because of the COIVD-19 pandemic although many other educational and vocational programs offered at Parnall have resumed. They argue that injunctive relief should be granted because they are likely to succeed on the merits of their claims, they will suffer irreparable injury without an injunction, an injunction would not cause substantial harm to others, and the public interest will be served by the issuance of an injunction.

3

Plaintiffs seek an order directing the defendants to stop violating their constitutional right to attend and participate in religious services.

Under Fed. R. Civ. P. 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." The Court may issue a TRO without notice to the adverse party or the party's attorney only if (1) specific facts in an affidavit or complaint clearly show that the movant will experience immediate and irreparable injury, loss, or damages before the adverse party can be heard, and (2) the movant's attorney certifies any efforts he or she made to give notice and the reasons why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1).

As this Court has stated,

> [i]n determining whether to issue a TRO or a preliminary injunction the Court must weigh the following factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 527 (6th Cir. 2017) (internal citations omitted). These "are factors to be balanced, not prerequisites that must be met," and "[n]o single factor will be determinative as to the appropriateness of equitable relief." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997) (citing *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994), and *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)). However, "[w]hen a party seeks a preliminary injunction on the basis of a potential constitutional violation, 'the likelihood of success on the merits often will be the determinative factor.'" *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (quoting *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009)).

*Adams & Boyle, P.C. v. Slatery*, 455 F. Supp. 3d 619, 626 (M.D. Tenn.), *aff'd as modified*, 956 F.3d 913 (6th Cir. 2020), *and modified*, No. 3:15-CV-00705, 2020 WL 2026986 (M.D. Tenn. Apr. 27, 2020). "[T]o establish a likelihood of success on the merits of a claim, a plaintiff must

4

show more than a mere possibility of success." *Six Clinics*, 119 F.3d at 402.

At this stage of the case, plaintiffs have not demonstrated that they are likely to succeed on the merits. As the Sixth Circuit has noted,

> in most circumstances, prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Wolfish*, 441 U.S. at 547, 99 S.Ct. 1861. "To ensure that courts afford appropriate deference to prison officials," the Supreme Court has "determined that prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). In *Turner v. Safley*, the Supreme Court articulated the proper standard as follows: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

*Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001). Even under RLUIPA, which "provides greater protections than the First Amendment," *Fox v. Washington*, 949 F.3d 270, 277 (6th Cir. 2020), a restriction on religious exercise will be upheld if defendants demonstrate that the measure in question was adopted "in furtherance of a compelling governmental interest" and that the measure was "the least restrictive means of furthering that compelling governmental interest." *Id.* at 282.

In the present case, there is no doubt that the coronavirus pandemic has required restrictive measures to be imposed in prisons just as in free society. Such measures may be even more necessary in prisons, where social distancing is much more difficult and such things as masks, soap, and hand sanitizer are less readily available. Whether the particular measures at issue in this case were, or continue to be, reasonable and necessary (for the health and safety of

prisoners and staff alike) remains to be seen. The Court cannot make this determination at this early stage of the case, and certainly not without hearing from defendants as to their reasons for restricting religious gatherings. Accordingly, the Court shall deny plaintiffs' motion for a TRO or a preliminary injunction without prejudice to plaintiffs' right to seek such relief on a developed record.

### C. *Motion for a Writ of Mandamus*

In their motion for a writ of mandamus, plaintiffs argue that there is no penological interest in banning all religious services at Parnall and that both the courts and the President have the authority to compel officials at Parnall to reinstate religious services for inmates.

> The Supreme Court has stated that a writ of mandamus
>
> will issue only in extraordinary circumstances. . . . [T]he party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires, and . . . he [must] satisfy "the burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" Moreover, it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed.

*Kerr v. U. S. Dist. Court for N. Dist. of Calif.*, 426 U.S. 394, 403 (1976) (citations omitted).

In the present case, plaintiffs have adequate remedies for attaining the desired relief, namely, their claims under 42 U.S.C. § 1983 and RLUIPA. Further, as noted above, it is not clear at this early stage of the case whether defendants' prohibition against worship services is unconstitutional and unreasonable. Plaintiffs have therefore not shown that their right to the writ is "clear and indisputable." Accordingly, the Court shall deny the motion for a writ of mandamus.

### D. *Motion for a "Policom" Hearing*

In this motion, plaintiffs seek a "Policom" hearing to establish a record for their claims. They have not explained what a "Policom" hearing is, and this motion is not supported by a brief that might shed light on the issue. This motion is denied.

## II. *The Complaint*

Pursuant to the Prison Litigation Reform Act of 1996, the Court must dismiss a prisoner's complaint to the extent it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may "dismiss those claims whose factual contentions are clearly baseless" or "based on an indisputably meritless legal theory." *Id*. at 327.

Plaintiffs allege that they have asked President Trump for help with their request for the resumption of religious services, and they contend that President Trump has the authority to compel state officials to reinstate religious services at Parnall. These allegations do not state a claim as to this defendant. Further, to the extent plaintiffs seek money damages from the

President pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the President "is entitled to absolute immunity from damages liability predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). The Court shall therefore dismiss the complaint as to the President.

Plaintiffs seek damages on a continuing basis until the restrictions at issue in this case are lifted. RLUIPA does not permit an award of money damages against state prison officials. *See Sossamon v. Texas*, 563 U.S. 277, 280-81 (2011)*; Haight v. Thompson*, 763 F.3d 554, 558-59, 567-570 (6th Cir. 2014). The Court shall therefore dismiss the complaint to the extent it seeks money damages under RLUIPA.

### III. *Conclusion*

For the reasons stated above,

IT IS ORDERED that plaintiffs' motion for appointment of counsel is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for a TRO or a preliminary injunction is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for a writ of mandamus is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for a Policom hearing is denied.

IT IS FURTHER ORDERED that the complaint is dismissed as to defendant Trump.

IT IS FURTHER ORDERED that the complaint is dismissed to the extent it seeks money damages under RLUIPA.

                                                s/Bernard A. Friedman
                                                Bernard A. Friedman
Dated: November 13, 2020         Senior United States District Judge
      Detroit, Michigan