UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ROUSE, ET AL.,

    Plaintiffs,                         No. 20-12308

v.                                    District Judge Bernard A. Friedman
                                         Magistrate Judge R. Steven Whalen

GRETCHEN WHITMER, ET AL.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff John Moore is one of 28 named prison inmates in the custody of the Michigan Department of Corrections who have file a civil complaint under 42 U.S.C. § 1983, alleging violations of their federally protected rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, the Fourteenth Amendment Equal Protection Clause, as well as violations of Michigan law. The complaint centers on the claimed denial of in-person group religious services during the COVID-19 pandemic. Before the Court is Plaintiff Moore's motion to exclude his case from early mediation and to sever, or in the alternative to dismiss him from the complaint without prejudice [ECF No. 27].[1]

For the reasons discussed below, I recommend that Plaintiff's motion be DENIED WITHOUT PREJUDICE.

### I.   FACTS

The common underlying basis of this complaint is that all of the Plaintiffs have

---

[1] The alternative request for dismissal makes this a dispositive motion, and I must therefore proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

been denied in-person religious services, in violation of federal and state law. Plaintiff John Moore states that he seeks separate consideration of his own case, either through a severance or a dismissal without prejudice, for the following reason:

> "John P. Moore is a devout Muslim who attends Jummah services each Friday, which he has not been allowed to do for over 36 weeks. Mr. Moore is requesting that he be severed from the other plaintiffs in this proposed class action, and would request that his claims be heard on their own merits, as they are quite different from the rest of the proposed class who are Christians. The Plaintiff John Moore would ask that the court allow him leave to file an amended complaint upon his own behalf and pursue the allegations in the complaint that specifically pertain to him and his Islamic faith." ECF No. 27, PageID.195-196.

Plaintiff filed a previous motion to exclude his case from early mediation [ECF No. 25], and that motion was granted [ECF No. 26]. His present request for exclusion from early mediation is therefore moot.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 20(a) provides for permissive joinder of Plaintiffs if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all those persons will arise in the action." Joinder is proper under Rule 20(a) where (1) the right to relief asserted by the plaintiffs is "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all plaintiffs." Fed.R.Civ.P. 20(a)(1).

Fed.R.Civ.P. 21 provides that a court "may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." "Under Rule 21, the Court has broad discretion 'to order a severance to avoid causing unreasonable prejudice and expense to the defendant ... and to avoid great inconvenience in the administration of justice.'" *Nali v. Michigan Dep't Of Corr.*, 2007 WL 4465247, at *2 (E.D. Mich. Dec. 18,

2007).  "[I]n determining whether severance is appropriate, courts consider '(1) whether severance would serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence.'" *Owusu v. Michigan Dep't of Corr. Pain Mgmt. Comm.*, 2017 WL 8893594, at *7 (E.D. Mich. Aug. 21, 2017), report and recommendation adopted, , 2018 WL 774152 (E.D. Mich. Feb. 8, 2018) (quoting *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008)).

### III.  DISCUSSION

I start with the observation that Mr. Moore was properly joined with the other Plaintiffs under Rule 20, because (1) his claim for relief–that he is being denied in-person religious services–is common to all the Plaintiffs, and arises out of the same MDOC policies, and (2) the questions of law and fact are substantially identical for all of the Plaintiffs. The fact that Mr. Moore is Muslim and the other Plaintiffs may be Christian is a distinction without a difference–all Plaintiffs allege that they are denied group services, and all base their claims on the First Amendment, RLUIPA, and analogous provisions of Michigan law.

Joinder having been proper under Rule 20, the next question is whether Mr. Moore should be granted severance under Rule 21. Looking at the three factors set forth in *Owusu*, we first ask whether severance would serve judicial economy. It would not. If severed, Mr. Moore's case would essentially be a replay of the other Plaintiffs' litigation, delaying the litigation and resulting in duplicate proceedings.  As to the second factor, the Defendants would be prejudiced by severance, not only in terms of the otherwise unnecessary expenditure of resources necessitated by a second case, but in the possibility of inconsistent outcomes. Finally, as to the third factor, both Mr. Moore's claim that he is

being denied in-person Islamic services and the claims of the Christian Plaintiffs that they too are being denied in-person services would, under a First Amendment or RLUIPA analysis, for the most part involve exactly the same MDOC witnesses. The only difference might be testimony as to the centrality of in-person worship to the respective religions.

At this point, then, Mr. Moore's claims should not be severed, nor should he file a separate complaint following dismissal without prejudice. However, the case is in its earliest stages. Defendants have filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6).  If the case survives that motion, and subsequent discovery reveals that there are material differences between Mr. Moore and the other Plaintiffs, he should be allowed to renew his motion to sever at that time.

## IV.   CONCLUSION

I recommend that Plaintiff's motion [ECF No. 27] be DENIED WITHOUT PREJUDICE.

I further recommend that his motion to exclude his case from early mediation be DENIED AS MOOT.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987)

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/ R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated: April 20, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 20, 2021, electronically and/or by U.S. mail.

                                                  s/Carolyn M. Ciesla
                                                Case Manager to the
                                                Honorable R. Steven Whalen